IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SINCLAIR BROADCAST GROUP, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 1:22-cv-02477-JRR |

## ANSWER

Defendant, Sinclair Broadcast Group, Inc. ("Defendant"), submits its answer to the Complaint filed by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), and states:

### NATURE OF THE ACTION

Plaintiff's recitation regarding the nature of the action is a preliminary statement and characterization of its claims that does not require a response, but Defendant denies Plaintiff's assertion that Defendant violated Title VII with respect to Jonae Rollins ("Complainant") or any other individual, and generally denies all liability and damages asserted against Defendant by Plaintiff.

### JURISDICTION AND VENUE

1.　The first two sentences of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1. With respect to the third sentence of Paragraph 1 of the Complaint, Sinclair admits that the U.S. District Court for the District of Maryland has jurisdiction over this action.

1

PARTIES

2. Paragraph 2 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Admitted.

4. Paragraph 4 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

ADMINISTRATIVE PROCEDURES

5. Admitted.

6. Admitted that on April 6, 2020, the EEOC issued Defendant a Letter of Determination that concluded there is reasonable cause to believe that Defendant violated Title VII. Defendant denies the remainder of the allegations of Paragraph 6 of the Complaint and denies that it engaged in any practice the violated Title VII.

7. Admitted that on April 28, 2020, the EEOC issued a letter stating that it was interested in commencing the conciliation process. Defendant denies the remainder of the allegations in Paragraph 7 of the Complaint, and specifically denies that there were any "unlawful employment practices" or that there was any "endeavor" on the part of the EEOC to "provide appropriate relief."

8. Admitted that the EEOC engaged in communications with Defendant following the Letter of Determination. Based on the communications that followed, Defendant denies that the EEOC ever intended to remedy the findings in its Letter of Determination. Defendant further denies that it engaged in any discriminatory employment practices that needed to be remedied.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 with respect to what was an acceptable conciliation agreement to the EEOC. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. Admitted that the Commission issued to Defendant a Notice of Failure of Conciliation dated March 26, 2021.

11. Paragraph 11 of the Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

## STATEMENT OF CLAIMS

12. Admitted.

13. Admitted.

14. In response to the first sentence of Paragraph 14, Defendant admits that in December 2015, Complainant began working for Defendant in a temporary position with Defendant's IT Helpdesk. In response to the second sentence of Paragraph 14, Defendant admits that in April 2016, Defendant hired Complainant as a full-time Oracle Helpdesk Technician in the Corporate Accounting Department. Defendant denies the remainder of the allegations in Paragraph 14.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted that in May 2017, the Charging Party was assigned a position on an implementation team for a cloud-based financial system.

20. Denied.

21. Denied.

22. In response to the first sentence of Paragraph 22, Defendant admits that Complainant's work on the implementation team met Defendant's expectations and denies the remainder of the allegations in this sentence. In response to the second sentence of Paragraph 22,

Defendant admits that, at times, Complainant's role on the implementation team required her to work an above-average workload, above-average workhours, or meet tight deadlines. Defendant denies the remainder of the allegations in Paragraph 22.

23. Denied.

24. Denied.

25. Defendant admits that in December 2017, Defendant promoted Complainant to an Accounting Information Systems Analyst I position. Defendant denies the remainder of the allegations in Paragraph 25.

26. Defendant admits that beginning in February 2018, Complainant had discussions with her manager about her compensation and the possibility of another salary adjustment. Defendant denies the remainder of the allegations in Paragraph 26.

27. Admitted that Complainant requested to speak with Defendant's Human Resources staff. Defendant denies the remainder of the allegations in Paragraph 27.

28. Admitted that Defendant advised Complainant in April 2018 that Defendant would conduct a compensation study to compare her salary to that of similar workers in the external labor market. Defendant denies the remainder of the allegations in Paragraph 28.

29. Denied.

30. Admitted that in March 2018, Complainant's manager informed her that Defendant would not be able to revisit the question of a pay increase until the next regular pay increase cycle because of a restructuring of the Defendant company. Further admitted that Complainant's department transitioned to being under the leadership of a newly-created Chief Information Officer position in June 2018. Defendant denies the remainder of the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 with respect to a coworker's complaints or statements to Complainant, what Complainant observed, or what Complainant may have learned. Defendant admits that one of Complainant's coworkers approached Defendant to resign in favor of a competing employment offer and that Defendant agreed to certain terms in order to retain the employee. Defendant denies the remainder of the allegations in Paragraph 31.

32. Admitted that in May 2018, Complainant again approached Defendant about a salary increase. Defendant denies the remainder of the allegations in Paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Paragraph 40 constitutes a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response, however, Defendant denies that Plaintiff's claims have merit or that Plaintiff is entitled to any of the relief requested.

**DEFENSES**

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's claims are barred to the extent they concern any matters on which Complainant failed to exhaust her administrative remedies and/or to the extent the allegations exceed the scope of Complainant's administrative charge of discrimination.

THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because the EEOC's delay in filing suit has prejudiced Defendant's ability to defend this case.

FOURTH DEFENSE

Any conduct by Defendant toward Complainant was based on legitimate, non-discriminatory reasons, and there is no basis for any claim against Defendant by Plaintiff or Complainant.

FIFTH DEFENSE

Defendant has, at all times relevant to the Complaint, made good faith efforts to comply with its obligations under federal, state, and local laws against discrimination.

SIXTH DEFENSE

At all times, Defendant acted in a legal and proper manner as to all personnel actions taken with regard to Complainant's employment.

SEVENTH DEFENSE

Complainant voluntarily resigned from her employment with Defendant as set forth in Complainant's letter of May 14, 2018 to her supervisor, which letter is attached hereto as Exhibit 1,

and, therefore, did not suffer an adverse employment action as it pertains to her continued employment with Defendant.

### EIGHTH DEFENSE

The conduct towards Complainant by Defendant was undertaken by reason of business necessity and/or for lawful business reasons.

### NINTH DEFENSE

There is no evidence that race was in any way a factor in the decisions pertaining to Complainant's compensation or her continued employment with Defendant

### TENTH DEFENSE

Any recovery to which Complainant might otherwise allegedly be entitled must be offset by any benefits or other monies that Complainant has received or will receive, whether through employment, unemployment insurance, or otherwise.

### ELEVENTH DEFENSE

Any damages that Complainant has allegedly suffered were caused, in whole or in part, by her own conduct.

### TWELFTH DEFENSE

The EEOC's and Complainant's claims are barred, in whole or in part, to the extent that Complainant failed to mitigate her damages, if any.

### THIRTEENTH DEFENSE

The Complaint fails to state facts sufficient to state a claim for punitive damages against Defendant since there was no malice, reckless indifference to Complainant's rights, or willful or wanton conduct attributable to Defendant.

## FOURTEENTH DEFENSE

The EEOC's and Complainant's claims are barred, in whole or in part, for failure to satisfy conditions precedent.

Dated: January 16, 2023                    Respectfully submitted,

                                          /s/ *Sima G. Fried*
                                          Francis R. Laws (Fed. Bar No. 02596)
                                          FLaws@tandllaw.com
                                          Sima G. Fried (Fed. Bar No. 03564)
                                          SFried@tandllaw.com
                                          THOMAS & LIBOWITZ, P.A.
                                          25 S. Charles Street, Suite 2015
                                          Baltimore, Maryland 21201
                                          Tel: 410-752-2468
                                          Fax: 410-752-0979

                                          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2023, a copy of the foregoing was filed via the Court's electronic filing system (CM/ECF), which will effect service upon the following:

> Emily Datnoff, Esquire
> U.S. Equal Employment Opportunity Commission
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> *Attorney for Plaintiff*

/s/
Sima G. Fried