IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 1:22-cv-02477-JRR |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SINCLAIR BROADCAST GROUP, INC. | ) ) | |
| Defendant. | ) ) | |

### JOINT STATUS REPORT

Pursuant to the Court's May 8, 2023, Scheduling Order (ECF No. 11), the parties hereby jointly submit this Joint Status Report as follows.

**1.      Requests for Modifications.**

   **a.      Modifications to the Deadline:**

**EEOC:** The claims and defenses at issue in this matter are fact intensive, particularly the pay discrimination claim, and likely require additional time for discovery. Therefore, EEOC proposes extending the deadline for fact discovery by one month as set forth below.

**Defendant:** This is a single-plaintiff case involving a single employee who resigned five years ago claiming disparate treatment in the compensation she received based on alleged better treatment received by a single comparator that does not present any complicated legal or factual issues. Accordingly, Defendant believes that the current discovery deadline and dispositive motions deadlines are reasonable.

Counsel for both parties propose conducting expert witness discovery, should it be deemed necessary, after the deadline for dispositive motions in order to limit the costs of litigation and in

the interest of judicial economy. Based on these considerations, the parties[1] propose the following modifications to the scheduling order:

| Current Deadline | New Deadline | Event |
| --- | --- | --- |
| June 12, 2023 | No change | Rule 16 conference call at 3:00 p.m. |
| June 22, 2023 | No change | Moving joinder of additional parties and amendment of pleadings |
| July 7, 2023 | TBD | Plaintiff's Rule 26(a)(2) disclosures |
| August 7, 2023 | TBD | Defendant's Rule 26(a)(2) disclosures |
| August 21, 2023 | TBD | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| August 28, 2023 | TBD | Rule 26(e)(2) supplementation of disclosures and responses |
| September 20, 2023 | October 20, 2023 | Fact discovery deadline; submission of status report |
| September 27, 2023 | October 27, 2023 | Requests for Admission |
| October 20, 2023 | November 17, 2023 | Dispositive pretrial motions deadline |

The parties also note that while the Court's Discovery Order (ECF 10) requires the EEOC to provide the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii), the Scheduling Order has not set a deadline for that disclosure. Accordingly, the parties request that the Scheduling Order be amended to include a deadline for the EEOC's Rule 26(a)(1)(A)(iii) disclosures.

    b.    **Modifications to the default deposition hour limit:**

**EEOC:** At this time, EEOC agrees that each side shall be limited to fifteen (15) hours of depositions of fact witnesses (including parties) as well as to the time limitations for each deposition imposed by the Discovery Order (ECF No. 10). However, given that the claims at issue

---

[1] Defendant proposes that the initial Scheduling Order provides ample time for discovery and submission of dispositive motions.

in the Complaint are fact intensive, particularly the pay discrimination claim, EEOC will likely seek an increase in the number of deposition hours depending on the number of fact witnesses disclosed by Defendant.

**Defendant:** Defendant agrees that each side shall be limited to fifteen (15) hours of depositions (*excluding* parties) as well as to the time limitations for each deposition imposed by the Discovery Order (ECF No. 10) with the exception that, since the *de facto* plaintiff is Jonae Rollins, Defendant be permitted the seven hours allowed for corporate designee depositions for her deposition.

Defendant served its initial discovery, interrogatories, requests for production of documents, and a notice of deposition for Jonae Rollins with a date to be determined by agreement of the parties on May 19, 2023, and EEOC has not yet served discovery requests and, therefore, neither party has yet disclosed the number or identity of any fact witnesses.

**2.      Report on Consent to Proceed Before a United States Magistrate Judge.**

The parties do not consent to proceed before a United States Magistrate Judge.

**3.      Report on Mediation with a United States Magistrate Judge.**

The parties believe that mediation would be most useful later in the discovery period or after briefing of dispositive motions.

**4.      Report on the scope of discovery.**

   **a.      Scope of Discovery:**

**EEOC:** EEOC anticipates the scope of discovery to include the work and responsibilities of Charging Party Jonae Rollins during the tenure of her employment at Defendant as well as the work and responsibilities of certain of her coworkers; Ms. Rollins' work performance as well as the work performance of certain of her coworkers; Ms. Rollins' efforts to obtain fair compensation

as well as the efforts of certain of her coworkers to obtain the same; Defendant's decisions regarding setting the salary and/or compensation package of Ms. Rollins and certain of her coworkers; Defendant's decisions regarding other employment-related matters with respect to Ms. Rollins, such as any promotions and her separation of employment from Defendant; and Defendant's investigation/s, including the conclusion/s of any investigation/s, into Ms. Rollins complaint/s regarding unfair pay, race discrimination, and any other employment-related matter.

**Defendant:** Defendant anticipates that, since this lawsuit was preceded by a Charge of Discrimination that identified only one comparator, followed by a thorough investigation by Plaintiff and response thereto by Defendant during which the above facts were explored and during which no other comparators were alleged, the parties should be able to conduct fairly focused discovery. Defendant anticipates deposing Jonae Rollins and witnesses identified by Plaintiff, obtaining documents pertaining to the claim of disparate treatment, and obtaining documents pertaining to liability and damages from third parties.

b. **ESI Discovery:**

**EEOC:** At this time, EEOC is not aware of any issues regarding ESI discovery and agrees generally to the terms for requests for production of ESI set forth in the Discovery Order (ECF No. 10), provided that ESI searches are not limited to material created five years before the filing of the lawsuit as Charging Party Jonae Rollins began employment with Defendant in 2015, over five years ago.

**Defendant:** Defendant has not yet received the Rule 26(a)(1)(A)(iii) information required by the Discovery Order and thus is not yet able to determine proportionality for ESI discovery. However, based on what is known by the parties through the administrative investigation done by the EEOC, except in very narrow circumstances, Defendant believes ESI is unnecessary.

The parties further agree that they will work together to resolve any issues that may arise regarding ESI and will follow the procedures set forth in paragraph five (5) of the Discovery Order (ECF No. 10) prior to filing an ESI discovery-related motion.

Dated: May 22, 2023 	Respectfully submitted:

*s/ Emily Datnoff*
Emily Datnoff, (Fed. Bar No. 29464)
Trial Attorney
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland
emily.datnoff@eeoc.gov
Tel: 410-801-6708
Fax: 443-992-7880

*Counsel for EEOC*

*s/ Sima G. Fried*
Scott H. Marder (Fed. Bar. No. 28789)
SHMarder@tandllaw.com
Margaret L. Argent (Fed. Bar. No. 06132)
Margent@tandllaw.com
Sima G. Fried (Fed. Bar. No. 03564)
SFried@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201
Tel: 410-752-2468
Fax: 410-752-0979

*Attorneys for Defendant*