IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 1:22-cv-02477-JRR |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SINCLAIR BROADCAST GROUP, INC. | ) ) | |
| Defendant. | ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 15, 2023 Order (ECF No. 15), the parties hereby jointly submit this Joint Status Report as follows.

**1.   Modifications to the Scheduling Order:**

The parties conferred and jointly propose the following modifications to the Scheduling Order:

| Current Deadline | New Deadline | Event |
|---|---|---|
| June 22, 2023 | No change | Moving joinder of additional parties and amendment of pleadings |
| July 7, 2023 | TBD | Plaintiff's Rule 26(a)(2) disclosures |
| August 7, 2023 | TBD | Defendant's Rule 26(a)(2) disclosures |
| August 21, 2023 | TBD | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| August 28, 2023 | TBD | Rule 26(e)(2) supplementation of disclosures and responses |
| September 20, 2023 | December 18, 2023 | Fact discovery deadline; submission of status report |
| September 27, 2023 | December 29, 2023 | Requests for Admission |

October 20, 2023        February 2, 2024        Dispositive pretrial motions deadline

**2.**      **Modifications to the Discovery Order (ECF No. 10), ESI Discovery Paragraph:**

The parties agree to the terms set forth in ¶ 7.b of the Discovery Order, except for ¶ 7.b.i.*b*. The parties' respective positions as to ¶ 7.b.i.*b* are set forth below.

**EEOC:** EEOC proposes that the five-year "lookback" timeframe proposed in the Discovery Order (ECF No. 10) should start on December 1, 2015 and end on January 1, 2020, as Jonae Rollins began working for Defendant on December 16, 2015.

**Defendant:** Defendant proposes that a "lookback" timeframe of January 1, 2016 (four months before Ms. Rollins became an employee of Sinclair (as opposed to a temporary worker employed by a staffing agency) through November 30, 2018 (six months after Ms. Rollins' resignation) is more appropriate.

**3.**      **Modifications to the default deposition hour limit:**

The parties are unable to come to an agreement on deposition hour limits.

**EEOC:** EEOC proposes that each side be permitted to take up to ten (10) depositions and that each deposition be limited to one day of six (6) hours, as the federal rules allow. EEOC notes that this matter is in the early stages of litigation and already Defendant has identified six (6) individuals with knowledge of the facts in the Complaint who EEOC will seek to depose. Further, the parties together have identified eight (8) custodians, all former and current employees of Defendant, for ESI discovery searches. As the parties work through discovery disputes, EEOC is likely to discover other individuals with knowledge of the facts, particularly those employees who served on the implementation team with Charging Party. (*See* ECF No. 7, Answer ¶ 19, 22). So far, only one of the six (6) individuals with knowledge identified by Defendant worked on the implementation team with Charging Party. Defendant has not yet identified the other team

members. For that reason, and because the claims at issue in the Complaint are fact intensive, EEOC proposes the above increase in the number of deposition hours.

Defendant's proposal of twenty-five (25) hours with a 5-hour maximum for all deponents is unfair given the limits of deposition hours set forth in the federal rules and the fact-intensive nature of this matter. The federal rules limit parties to ten (10) depositions with a 7-hour maximum for each deponent. EEOC has not informed Defendant that it will depose all employees who served on the implementation team, as Defendant infers below. At this time, EEOC has no idea who all of those employees are. Further, Defendant has produced no documents or any other evidence that Ms. Rollins' work on the implementation team ended, or that its members did not continue to work together on other projects even after the implementation process ended, whenever that was. Finally, EEOC disagrees with Defendant's position that EEOC's proposal for deposition hours would result in excessive discovery costs; EEOC's proposal for deposition hours is less than the amount allowed under the federal rules and accounts for the fact-intensive nature of the lawsuit and the number of witnesses already identified by the parties.

**Defendant:** Defendant proposes an increase to the default deposition hours from fifteen (15) to twenty-five (25) hours with a 5-hour maximum for all deponents, with the exception of Charging Party whom the Court previously ruled can be deposed for seven (7) hours. Defendant believes that this will both afford sufficient deposition hours and promote efficiency in deposition practice. Moreover, in light of the approximate $7,000 to $21,000 salary differential (depending on the time period, not including bonus) between Ms. Rollins and the alleged comparator, the EEOC's proposal for deposition hours merely would result in discovery costs dwarfing the monetary relief that potentially could be achieved. Additionally, Defendant does not believe that depositions of all employees who served on the implementation team is necessary in light of

3

Defendant's indication in its Answers to Interrogatories that Charging Party's performance decline did not occur until after her December 2017 promotion, several months after her work on the implementation team was completed (Ms. Rollins received her implementation team bonus payment on September 29, 2017 (EEOC000017)). However, in the event that additional witnesses with relevant information are identified during the course of discovery, the EEOC can always move for additional deposition hours. At this time, however, there is no good reason why the EEOC needs up to 60 hours of deposition time.

Dated: August 11, 2023

Respectfully submitted:

*/s/ Emily Datnoff*
Emily Datnoff, (Fed. Bar No. 29464)
Trial Attorney
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland
emily.datnoff@eeoc.gov
Tel: 410-801-6708
Fax: 443-992-7880

*Counsel for EEOC*


*/s/ Sima G. Fried*
Scott H. Marder (Fed. Bar. No. 28789)
SHMarder@tandllaw.com
Sima G. Fried (Fed. Bar. No. 03564)
SFried@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201
Tel: 410-752-2468
Fax: 410-752-0979

*Attorneys for Defendant*