IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 1:22-cv-02477 |
| Plaintiff, | District Judge Julie R. Rubin |
| vs. | |
| SINCLAIR BROADCAST GROUP, INC., | |
| Defendant. | |

## CONSENT DECREE

1. This action was instituted by the United States Equal Employment Opportunity Commission against Sinclair Broadcast Group, Inc. now known as Sinclair Broadcast Group, LLC.

2. The parties to this Consent Decree are the United States Equal Employment Opportunity Commission (the EEOC or the Commission), and the Defendant, Sinclair Broadcast Group, LLC (Defendant or Sinclair).

3. All terms agreed to as a condition of resolving the above-captioned action and the claims that EEOC filed against Defendant in this action are set forth in this Decree, and there shall be no other instrument or agreement setting forth any terms that must be satisfied as a condition of resolving such claims.

4. In this action, the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended (Title VII) when it subjected the Charging Party, Jonae Rollins, to race discrimination. Defendant denies that it violated Title VII and its agreement to the Decree terms does not constitute an admission of liability.

5. The parties stipulate to the jurisdiction of this Court over the parties and subject matter of this action.

1

6. The Court shall retain jurisdiction of this action for the duration of the Decree to enter all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

7. The duration of this Decree shall be eighteen (18) months from the date the Court signs the Decree. The terms of this Decree shall apply to Defendant's corporate headquarters where the Charging Party worked and Defendant's other locations in the State of Maryland, except the television stations operated by Sinclair or any of its affiliates which were not involved in the alleged violations.

8. This Decree resolves all claims that were filed by the EEOC in the above-captioned action, as set forth in the Complaint.

9. Nothing in this Decree shall be construed to waive or release any rights, authority, or enforcement capacity that the EEOC may have regarding or concerning any matter whatsoever, including any claims, enforcement actions, and administrative inquires or charges, other than the claims that the EEOC filed in the above-captioned lawsuit seeking relief for the Charging Party, Jonae Rollins, arising from EEOC Charge No. 531-2020-01998.

10. Nothing in this Decree shall be construed to waive or release any rights or claims that any individual may have arising under any law, ordinance, regulation, or other provision that grants any individual access to administrative process, or rights or remedies of any kind, including such individual rights or claims of the Charging Party, Jonae Rollins.

11. The Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

## MONETARY RELIEF

12. In accordance with the terms of this Decree and in full settlement of the claims filed by the EEOC in this action and the EEOC's claims asserted on behalf of Jonae Rollins, Defendant shall pay the total amount of $100,000.00 (one hundred thousand dollars) in monetary relief to Charging Party, Jonae Rollins. From that amount, $60,0000.00 (sixty thousand dollars) shall constitute backpay (comprised of lost wages/pay, benefits, and accrued interest) and $40,000.00 (forty thousand dollars) shall constitute compensatory and punitive damages, as provided for in Title VII, as amended by the Civil Rights Act of 1991.

13. Within thirty (30) days of the Court signing this Decree, Defendant shall send the monetary relief described in Paragraph 12 to the Charging Party by mailing payment to her using an address and method of delivery provided by the EEOC. Within ten (10) business days of having done so, Defendant shall send the EEOC a copy of the check/s that were issued to the Charging Party.

14. Defendant shall issue the appropriate IRS Forms and make necessary withholdings from the monetary relief described in Paragraph 12 except that payment designated as compensatory and punitive damages shall be reported on IRS Form 1099 and Defendant shall make no withholdings from such payment. Defendant shall be responsible for all applicable withholding and payroll taxes, consistent with this Decree and applicable regulation and law.

15. Defendant shall issue all IRS Forms and shall send them directly to Charging Party no later than February 15, 2026, using an address for her provided by the EEOC. Within ten (10) business days of having done so, Defendant shall send the EEOC a copy of the IRS Forms.

16. The following information shall be used for Defendant for the purpose of compliance with Section 162(f) of the Internal Revenue Code (26 U.S.C. § 162(f)), if applicable: EIN 52-1494660 (the Employer Identification Number for Defendant); Paul Nesterovsky, Tax Department, 10706 Beaver Dam Rd, Cockeysville, MD (the name and physical address of the individual who should receive a copy of the IRS Form 1098-F if the EEOC is required to issue one).

17. The EEOC has made no representations regarding whether the monetary relief described in Paragraph 12 qualifies for the deduction under the Internal Revenue Code, nor does this Decree address such qualification.

18. Any provision of a Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

19. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

20. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## INJUNCTION

21. Defendant, its officers, directors, agents, managerial employees, successors in interest, and assigns are enjoined and restrained from engaging in race discrimination in violation of Title VII.

## POLICIES

22. Defendant shall maintain policies that prohibit discrimination and retaliation. Additionally, Defendant shall maintain policies stating that it does not prohibit employees from discussing or disclosing their compensation.

23. Defendant shall distribute to the EEOC and to all employees, paper or electronic copies of Defendant's policies against discrimination and retaliation within thirty (30) days after entry of this Decree. Defendant shall distribute a paper or electronic copy of such policies to each subsequently hired temporary or permanent employee at the time of hire.

24. Defendant shall provide periodic training to management and employees on its policies against discrimination and retaliation.

## RECORDS COMPILATION AND RETENTION

25. If any person makes a complaint or report or communicates any concern regarding an incident, circumstance, event, or adverse action that allegedly involves race discrimination and that complaint, report, or communication is made or forwarded to any of Defendant's Human Resources personnel during the Decree term, then Defendant shall compile the information described below so that the EEOC may review it to monitor compliance with the Decree and Title VII: (a) copies of the complaints, reports, inquiries, or communications, and communications exchanged by anyone about them; (b) a list identifying all persons who are alleged to have knowledge about the matter including their full name, address, telephone numbers (including cell phone numbers), department, job title, email addresses, and other contact information sufficient for the EEOC to contact and interview them if necessary; (c) a description of what investigation or other inquiries were made regarding the matter by Defendant or on its behalf, together with

documentation reflecting all information gathered as part of such investigation or inquiry; and (d) a description of what action, if any, was taken regarding the matter including an explanation for why Defendant concluded that such action was appropriate. Defendant shall also retain with the file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications for the duration of the Decree.

26. Defendant shall retain all personnel, payroll, and other employment-related documents concerning any person who is described in Paragraph 25 or who was the subject of any investigation conducted, action taken, or decision-making regarding such matters for the duration of the Decree.

## REPORTING AND MONITORING

27. On a quarterly basis (*i.e.*, at the end of each 90-day period) beginning three months from the date the Court signs the Decree, and continuing for the duration of the Decree, Defendant shall submit to the EEOC the records described in Paragraphs 25 and 26 for the three month period immediately preceding the submission.

28. If the EEOC requests additional records or information needed to understand or follow-up with the submission or any records produced, the EEOC will provide Defendant with written notification of its request and Defendant will cooperate and comply with those requests. Defendant will continue to provide supplemental records production throughout the Decree concerning any of its periodic production, if new or supplemental information becomes available until the expiration of the Decree.

## TRAINING

29. Defendant shall provide to supervisors, managers, and personnel in Defendant's Human Resources, IT Support and Administration, and General Accounting functions, not less than two (2) hours of training regarding discrimination made unlawful by Title VII. The first training shall be provided within ninety (90) days of entry of this Decree and annually thereafter.

30. All training described above shall be provided at Defendant's own expense and shall be provided by an external third party to whom EEOC agrees.

31. No later than ten (10) days after each training session described above, Defendant shall submit to EEOC a list of the names, job titles, and work locations of the attendees of such training sessions.

32. For employees who are hired after Defendant already has conducted one of the annual trainings describe above, Defendant shall provide them with the training described in Paragraph 29 no later than thirty (30) days after their hire.

## SUBMISSIONS OF RECORDS, REPORTS, AND NOTICES

33. All records, reports, and notifications required to be created or maintained under this Decree shall be sent by electronic mail or hard copy to Emily Datnoff, Trial Attorney, U.S. Equal Employment Opportunity Commission, Baltimore Field Office, 31 Hopkins Plaza, 14th Floor, Baltimore, Maryland 21201.

## POSTING

34. Within ten (10) days of the date the Court signs this Decree, Defendant shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each location covered by the Decree and at all places where employee notices are posted. The Notice shall

remain posted for the duration of the Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizonal row or vertical column configuration). In addition, Defendant shall continue to post all notices required by law. If any notice is defaced, marred, or otherwise made unreadable, Defendant shall immediately post a readable copy thereof. Defendant shall permit a representative of the EEOC to enter their premises and inspect the Notice if the EEOC so requests on at least one (1) full business day's prior written notice, which notice shall begin to run on the date the notification is sent and which shall be addressed to Sinclair's Senior Vice President of Human Resources with a copy to General Counsel using addresses provided by Defendant to the EEOC.

35. Within ten (10) days of posting the Notice, Defendant shall send EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notice is posted.

### DISPUTE RESOLUTION AND COURT COMPLIANCE REVIEW

36. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.

37. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for District of Maryland.

38. The terms of this Decree shall be binding upon Defendant; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendant. Defendant, and any successor/s of Defendant shall provide a copy of this Decree to any organization or person who proposes to

acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

39. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC and approved by the Court.

40. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

41. With respect to matters outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission.

42. Each party shall be responsible for and shall pay its own costs and attorney's fees.

**IT IS AGREED:**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Andrew Rogers
Acting General Counsel

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Baltimore Field Office
31 Hopkins Plaza, 14th Floor
Baltimore, MD 21201

_Kate Northrup (for)_
Debra Lawrence, Regional Attorney

SINCLAIR BROADCAST GROUP, LLC

_/s/ Dembeck_
Jamie Dembeck, SVP, Human Resources

_/s/_
Francis R. Laws, Counsel for Defendant
Thomas & Libowitz, P.A.
25 S. Charles Street, Suite 2015
Baltimore, MD 21201
flaws@tandllaw.com
(410) 752-2468

_Kate Northrup_
Kate Northrup, Assistant Regional Attorney

_Emily Datnoff_
Emily Datnoff, Trial Attorney
emily.datnoff@eeoc.gov
Tel. (410) 801-6708

IT IS SO ORDERED:

DATED: July 21, 2025

/s/
THE HONORABLE JULIE REBECCA RUBIN
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## NOTICE TO ALL SINCLAIR BROADCAST GROUP EMPLOYEES

This Notice is posted pursuant to the Consent Decree entered by the Court in the matter of *EEOC v. Sinclair Broadcast Group, Inc.*, Civil Action No. 1:22-cv-02477-JRR in the U.S. District Court for District of Maryland.

A court order was entered to resolve the case. It provides, among other things, that Sinclair Broadcast Group LLC will pay monetary relief and is enjoined from discriminating against employees because of race.

EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact EEOC and report that discrimination or retaliation.

You may reach the EEOC Trial Attorney who handled this matter at emily.datnoff@eeoc.gov, or you may reach EEOC at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for eighteen (18) months from the date below and must not be altered, defaced, or covered by any other material.**

_____
Jamie Dembeck, SVP, Human Resources
SINCLAIR BROADCAST GROUP, LLC
Date: 7/16/2025